N. C. PRIVATE PROTECTIVE SERVICES BOARD v. GRAY, INC., D/B/A
SUPERIOR SECURITY

No. 8710SC31

(Filed 15 September 1987)

1. **Administrative Law § 3; Constitutional Law § 7.1— administrative civil penalties—no per se violation of Constitution**

   *State ex rel. Lanier v. Vines,* 274 N.C. 486, does not hold that all administrative civil penalties are *per se* in violation of Art. IV, § 3 of the North Carolina Constitution; rather, the granting of the judicial power to assess a civil penalty must be "reasonably necessary" to the purposes for which the agency was created and with appropriate guidelines for the exercise of the discretion.

2. **Administrative Law § 3; Constitutional Law § 7.1— administrative civil penalty—reasonable necessity for authority to assess**

   The authority of the Private Detective Services Board under N.C.G.S. § 74C-17(c) to assess a civil penalty of up to $2,000 in lieu of revocation or suspension of a license was not an unconstitutional attempt to confer a judicial power on a state agency, since the provision authorizing civil penalties was reasonably necessary to petitioner in fulfilling its duties to require that those who hold themselves out as providing private protective services to citizens must meet high standards of training and professionalism.

APPEAL by plaintiff from *Smith, Judge.* Order entered 17 November 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 11 June 1987.

*Attorney General Lacy H. Thornburg by Special Deputies Attorney General Reginald L. Watkins and Daniel F. McLawhorn and Associate Attorney General Teresa L. White for the State, appellant.*

*Max G. Mahaffee for respondent appellee.*

COZORT, Judge.

Gray, Inc., formerly d/b/a Superior Security, is a guard and patrol company that was, at all times relevant to this appeal, licensed by the North Carolina Private Protective Services Board (the Board). On 26 August 1985 Gray was notified by letter from the Board that a hearing was scheduled for 4 October 1985 to look into allegations that Gray had failed to register unarmed guards and armed guards in accordance with Chapter 74C of the North Carolina General Statutes and regulations adopted pursuant to those statutes. The hearing was rescheduled for 18 December 1985. On 18 December 1985 the Board and Gray entered into a stipulation agreement which stated, among other things, that, in 1983, Gray employed six armed guards and twenty-two unarmed guards which were not registered with the Board; and, in 1984, Gray employed twenty-seven armed guards and twenty unarmed guards which were not registered with the Board. Gray and the Board had agreed to all terms of a settlement except for a $2,000.00 "reimbursement" to which Gray objected. On 21 March 1986 the Board issued its final agency decision which, among other things, assessed a civil penalty of $2,000.00 and an order for Gray to submit $1,071.36 in back registration fees and interest for the unregistered guards.

On 28 April 1986 Gray petitioned for judicial review asking that the $2,000.00 assessment be reversed and the matter remanded to the Board for entry of a modified decision. On 17 November 1986, Superior Court Judge Donald L. Smith granted the relief requested by Gray and remanded the case to the Board, ordering that the $2,000.00 civil penalty be stricken, and that the Board reconsider "its final agency decision in light of *State, ex rel. Lanier v. Vines*, 274 N.C. 486, 164 S.E. 2d 161 (1968)." The Board appeals. We reverse.

The trial court did not state its reasons for modifying the decision of the agency, as is required under the last sentence of N.C.

Gen. Stat. § 150A-51 (1983), which provides: "If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification."[1] By the trial court's reference to *Lanier, id.*, and by the briefs submitted by the Board and Gray, it is evident that the trial court based its decision on a legal conclusion that the authority of the Board to assess a civil penalty, under N.C. Gen. Stat. § 74C-17(c), violated Art. IV, § 3 of the North Carolina Constitution.

That section provides:

> The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created. Appeals from administrative agencies shall be to the General Court of Justice.

In *Lanier*, our Supreme Court was called upon to consider the constitutionality of statutes which empowered the Commissioner of Insurance to assess a civil penalty of up to $25,000.00, in addition to, or in lieu of, license revocation, against those found in violation of certain insurance laws. In an opinion by Justice Lake, the court found the statute to be in violation of Art. IV, § 3:

> The power to revoke a license granted to an insurance agent by the Commissioner, pursuant to chapter 58 of the General Statutes, is "reasonably necessary" to the effective policing of the activities of such agents so as to protect the public from fraud and imposition, one of the purposes for which the Department of Insurance was established. The power to hold hearings and determine facts relating to the conduct of such agent is "reasonably necessary" to the effective and just exercise of the power to grant and revoke such license. The grant of such judicial power to the Commissioner for that purpose is clearly within the authority conferred upon the Legislature by Art. IV, § 3, of the Constitution.

---

1. The 1985 rewrite of the Administrative Procedure Act (APA) contains no such requirement. *See* N.C. Gen. Stat. § 150B-51 (1985). The new APA applies to contested cases commenced *on or after* 1 January 1986.

We find, however, no reasonable necessity for conferring upon the Commissioner the judicial power to impose upon an agent a monetary penalty, varying, in the Commissioner's discretion, from a nominal sum to $25,000 for each violation.

Whether a judicial power is "reasonably necessary as an incident to the accomplishment of a purpose for which" an administrative office or agency was created must be determined in each instance in the light of the purpose for which the agency was established and in the light of the nature and extent of the judicial power undertaken to be conferred. We have before us only the attempted grant to the Commissioner of Insurance of the judicial power to impose upon an insurance agent, for one or more of the violations of law specified in G.S. 58-44.6, a penalty, varying in the Commissioner's discretion from a nominal sum to $25,000. We hold such power cannot be granted to him under Art. IV, § 3, of the Constitution of North Carolina.

*Lanier, Comr. of Insurance v. Vines*, 274 N.C. at 497, 164 S.E. 2d at 167-68.

[1] Our review of *Lanier* leads us to the conclusion that the trial court below erred in its apparent conclusion that N.C. Gen. Stat. § 74C-17(c) violated Art. IV, § 3 of the N.C. Constitution. We note initially that the trial court's action in striking the penalty in its entirety and remanding the cause to the Board to "reconsider its final agency decision in light of . . . *Lanier* . . . and proceed as *otherwise* is provided or required by Chapter 74C of the General Statutes of North Carolina" (emphasis supplied) is subject to being interpreted as a conclusion by the trial court that *Lanier* stands for the proposition that administrative agencies are constitutionally barred from assessing civil penalties. We do not find *Lanier* to mean that all administrative civil penalties are *per se* in violation of the State Constitution, and we so hold. Rather, the granting of the judicial power to assess a civil penalty must be "reasonably necessary" to the purposes for which the agency was created and with appropriate guidelines for the exercise of the discretion.

[2] Viewing the case at bar in light of Justice Lake's guidelines from *Lanier*, we hold that the authority of the Board under N.C. Gen. Stat. § 74C-17(c) to assess a civil penalty of up to $2,000.00 in

lieu of revocation or suspension of a license is not an unconstitutional attempt to confer a judicial power on a state agency. This case is readily distinguishable from the situation in *Lanier*. In *Lanier*, the Commissioner could assess a fine from a nominal amount up to $25,000.00 for each violation, in his discretion, and in addition to license revocation or suspension. Under N.C. Gen. Stat. § 74C-17(c), the civil penalty is limited to $2,000.00, must be in lieu of license revocation or suspension, and the Board has been given statutory guidance in determining the amount of the penalty: "In determining the amount of any penalty, the Board shall consider the degree and extent of the harm caused by the violation." N.C. Gen. Stat. § 74C-17(c) (1985). We find the provision authorizing civil penalties to be reasonably necessary to the Board in fulfilling its duties to require that those who hold themselves out as providing private protective services to citizens must meet high standards of training and professionalism. The Board's decision was not in violation of any constitutional provisions, and the trial court erred in concluding to the contrary.

We have reviewed the Board's decision under the other five standards set out in N.C. Gen. Stat. § 150A-51 (1983),[2] and we find the decision of the agency should be affirmed. The decision of the Superior Court modifying the Board's decision is reversed, and the matter is remanded to the Superior Court for entry of an order affirming the decision of the Board.

---

2. The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

    (1) In violation of constitutional provisions; or

    (2) In excess of the statutory authority or jurisdiction of the agency; or

    (3) Made upon unlawful procedure; or

    (4) Affected by other error of law; or

    (5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

    (6) Arbitrary or capricious.

If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification. N.C. Gen. Stat. § 150A-51 (1983).

Reversed and remanded.

Judges BECTON and MARTIN concur.