JASON H. MOORE, Plaintiff v. SHELLEY H. MOORE (PLATTE), Defendant

No. COA02-1267

(Filed 7 October 2003)

**1. Child Support, Custody, and Visitation— findings—mere recitation of testimony**

An order denying plaintiff the reinstatement of visitation rights with his daughter was remanded for further findings where there was directly conflicting evidence and the court merely recited the testimony of witnesses without resolving the factual disputes.

**2. Child Support, Custody, and Visitation— denial of all visitation rights—no finding of unfitness**

The trial court erred by denying plaintiff the reinstatement of visitation rights with his daughter based on the best interest of the child. The court did not find plaintiff to be an unfit parent based upon clear, cogent, and convincing evidence, and the matter was remanded for a determination of plaintiff's fitness.

Appeal by plaintiff from order entered 2 April 2002 by Judge William G. Stewart in Wilson County District Court. Heard in the Court of Appeals 18 August 2003.

*Ellis & Winters, L.L.P., by Paul K. Sun, Jr., and Davis, Flanagan, Bibbs & Smith, P.L.L.C., by Mark L. Bibbs, for plaintiff-appellant.*

*Thomas R. Sallenger, for defendant-appellee.*

TYSON, Judge.

Jason H. Moore ("plaintiff") appeals from an order denying reinstatement of his visitation rights with his minor child. We reverse and remand.

### I. Background

Plaintiff and Shelley Moore (now Shelley Platte) ("defendant") were married in August 1997 and divorced in August 2000. A daughter was born of the marriage on 27 February 1998. An order dated 26 April 2001 was entered awarding defendant legal custody of the child and plaintiff was allowed supervised visitation.

On 5 July 2001, defendant filed a motion to suspend plaintiff's visitation rights pending a sexual abuse investigation by the Wilson County Department of Social Services and Raleigh Pediatrics at Wake Memorial Hospital. Defendant alleged that the three-year old child had been exposed to improper sexual contact with plaintiff. The allegations arose after the child revealed to her maternal grandmother that plaintiff had touched her genitals while she and plaintiff were swimming in his mother's pool during a scheduled visit. All visitation with plaintiff was suspended on 19 July 2001 and a protective order was entered pending further investigation.

Plaintiff filed a motion to reinstate visitation on 3 December 2001. The trial court heard testimony from a social worker and expert

witnesses in the field of child sexual abuse, each of whom had conducted interviews with the child. The psychologist testified that the child had spontaneously disclosed that plaintiff had licked her genitals and that she had licked plaintiff's genitals. The social worker testified that the child disclosed that plaintiff had touched her genitals while they were in the pool, and demonstrated the manner in which he purportedly did so, but did not disclose where any other sexual contact occurred. There was no physical evidence of sexual abuse.

Plaintiff, plaintiff's mother, and plaintiff's two sisters testified that plaintiff was never alone with the child in the pool or at any other time during the supervised visitations and denied any allegations of sexual abuse. The child did not testify. The Wilson Police Department conducted a criminal investigation, but did not initiate criminal charges.

The trial court denied plaintiff's motion to reinstate visitation, finding that it was not in the best interest of the child that plaintiff's visitation be resumed. The trial court concluded that the protective order entered 19 July 2001 should remain in full force and effect in the child's best interest.

## II. Issues

Plaintiff contends that the trial court erred by: (1) failing to make sufficient findings of fact and conclusions of law necessary to determine the issues raised and (2) applying a best interest analysis when prohibiting any and all visitation rights of a parent.

## III. Findings of Fact

[1] N.C. Gen. Stat. 1A-1, Rule 52(a)(1) provides: "In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law . . . ." N.C. Gen. Stat. 1A-1, Rule 52(a)(1) (2001).

> While Rule 52(a) does not require a recitation of the evidentiary and subsidiary facts required to prove the ultimate facts, it does require *specific findings* of the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

*Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 658 (1982). "[R]ecitations of the testimony of each witness *do not* constitute *findings of fact* by the trial judge, because they do not reflect a con-

MOORE v. MOORE

[160 N.C. App. 569 (2003)]

scious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." *In re Green*, 67 N.C. App. 501, 505 n.1, 313 S.E.2d 193, 195 n.1 (1984). "Where there is directly conflicting evidence on key issues, it is especially crucial that the trial court make its own determination as to what pertinent facts are actually established by the evidence, rather than merely reciting what the evidence may tend to show." *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 366 (2000).

Here, the trial court merely recited the testimony of witnesses. "This is indicated by the trial court's repeated statements that a witness 'testified' to certain facts or other words of similar import." *Williamson v. Williamson*, 140 N.C. App. 362, 364, 536 S.E.2d 337, 339 (2000). There was directly conflicting evidence regarding the allegations of sexual abuse. Therapists and social workers testified that the child disclosed instances of sexual abuse, while plaintiff, his mother, and his two sisters testified that the alleged conduct did not and could not have happened. No physical evidence of abuse was presented.

The trial court's recitation of the testimony of witnesses and findings of fact are insufficient to support its conclusions on the ultimate facts based on the weight of the evidence. We reverse and remand to the trial court for further findings of fact supporting the ruling and to determine the source of the minor child "acting out things that, at three-years old, she has had to have been seeing."

### IV. Burden of Proof

[2] The "Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 147 L. Ed. 2d 49, 57 (2000). "[A]bsent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Petersen v. Rogers*, 337 N.C. 397, 403-04, 445 S.E.2d 901, 905 (1994). N.C. Gen. Stat. § 50-13.5(i) states:

> [T]he trial judge, prior to denying a parent the right of reasonable visitation, shall make a written finding of fact that the parent being denied visitation rights is an unfit person to visit the child or that such visitation rights are not in the best interest of the child.

N.C. Gen. Stat. § 50-13.5(i) (2001). North Carolina courts have held that unless the child's welfare would be jeopardized, courts generally should be reluctant to deny all visitation rights to the divorced parent of a child of tender age. *Swicegood v. Swicegood*, 270 N.C. 278, 154 S.E.2d 324 (1967). "In the absence of extraordinary circumstances, a parent should not be denied the right of visitation." *In re Custody of Stancil*, 10 N.C. App. 545, 551, 179 S.E.2d 844, 849 (1971), (quoting *Willey v. Willey*, 253 Iowa 1294, 115 N.W.2d 833 (1962)). North Carolina case law also states that when severe restrictions are placed on the right of visitation, N.C. Gen. Stat. § 50-13.5(i) requires the trial judge to make findings of fact supported by competent evidence of unfitness of the parent or the judge must find that the restrictions are in the best interest of the child. *Falls v. Falls*, 52 N.C. App. 203, 208, 278 S.E.2d 546, 551 (1981); *see also Johnson v. Johnson*, 45 N.C. App. 644, 263 S.E.2d 822 (1980).

It is presumed that fit parents act in the best interest of their children. *Troxel*, 530 U.S. at 69, 147 L. Ed. 2d at 59. A parent's right to a relationship with his child is constitutionally protected. *See Quilloin v. Walcott*, 434 U.S. 246, 255, 54 L. Ed. 2d 511, 519 (1978). Once conduct that is inconsistent with a parent's protected status is proven, the "best interest of the child" test is applied. *Price v. Howard*, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997). Without proof of inconsistent conduct, the "best interest" test does not apply and the trial court is limited to finding that the natural parent is unfit in order to prohibit all visitation or contact with his or her child.

The burden of proof rests upon the person seeking to show by clear, cogent, and convincing evidence the unfitness of a natural parent to overcome his constitutionally protected rights. N.C. Gen. Stat. § 7B-1111(b) (2001). Here, in effect, the trial court terminated plaintiff's right to visitation and any contact with his daughter without terminating his obligations as a parent. The proper evidentiary standard of proof in termination of parental rights proceedings is clear and convincing evidence. *In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984). In termination proceedings, "the burden . . . shall be upon the petitioner or movant to prove the facts justifying such termination by clear and convincing evidence." N.C. Gen. Stat. § 7B-1111(b) (2001).

Plaintiff was prohibited from all visitation rights or any contact whatsoever with his child. To sustain this total prohibition of visitation or contact, defendant must prove plaintiff's unfitness. The trial

SPRINGER v. McNUTT SERV. GRP., INC.

[160 N.C. App. 574 (2003)]

court did not find the plaintiff to be an unfit parent based upon clear, cogent, and convincing evidence. We reverse and remand.

## V. Conclusion

The trial court merely recited the testimony of witnesses and failed to make the required findings of fact resolving the critical factual disputes. We reverse and remand this case for further findings of fact and for determination of the plaintiff's fitness as a parent, if plaintiff is to be denied all visitation or contact with his daughter. The protective order of 19 July 2001 remains in full force and effect, pending hearing on remand.

Reversed and remanded.

Chief Judge EAGLES and Judge STEELMAN concur.