TYSON, Judge.
*438 Kelly Georgene Routten ("Defendant") appeals from orders entered on 4 April 2017 and several other interim and temporary orders. We affirm in part, vacate in part, and remand.
I. Background
John Tyler Routten ("Plaintiff") and Defendant were married on 23 March 2002 and separated from each other on 26 July 2014. Their union produced two children, a daughter and a son. The daughter, "Hanna," was born 2 June 2004. The son, "Billy," was born 17 July 2012.
On 21 July 2014, Plaintiff allegedly assaulted Defendant by pushing her onto the floor of their home. Defendant was granted an ex parte domestic violence protective order ("DVPO") against Plaintiff and was granted temporary custody of the parties' children on 25 July 2014. On 4 August 2014, Plaintiff filed a complaint ("the Complaint") against Defendant for child custody, equitable distribution, and a motion for psychiatric evaluation and psychological testing.
*439 On 13 August 2014, Defendant voluntarily dismissed the DVPO. That same day the parties entered into a memorandum of judgment/order, which established a temporary custody schedule for the children and a temporary child support and post-separation support arrangement. Defendant purportedly did not receive a copy of the Complaint until after she had dismissed the DVPO and signed the memorandum of judgment/order. Defendant filed her answer to the Complaint on 6 October 2014 and asserted several counterclaims, including claims for alimony, child custody, child support, and attorney's fees. The parties participated in mediation and the trial court entered an equitable distribution order by consent of the parties on 29 April 2015.
On 21 September 2015, trial began on the parties' claims for permanent child custody, permanent child support, and Defendant's counterclaims for alimony and attorney's fees. At the conclusion of the trial on 24 September, the trial judge indicated Defendant needed to submit to a neuropsychological evaluation before he could decide permanent child custody.
On 21 December 2015, the trial court entered a custody and child support order, which established a temporary custody arrangement *440 and ordered Defendant to "take whatever steps are necessary to obtain a complete neuropsychological evaluation no later than June 15, 2016." The 21 December 2015 order also provided that "[t]his case shall be set for a 3-hour custody review hearing on April 5, 2016" and "for a 6.5-hour subsequent hearing for review of custody and entry of final/permanent orders in July or August of 2016, once those calendars are available for scheduling trial dates." On 5 April 2016, the trial court conducted an in-chambers conference with the parties' counsel to determine the status of Defendant's neuropsychological evaluation.
On 27 April 2016, the trial court entered an order scheduling a three-hour hearing on 4 August 2018 to hear evidence relating to Defendant's neuropsychological evaluation and evidence relating to the best interests of the children. The 27 April 2016 order also decreed:
2. Defendant shall take whatever steps are necessary to obtain a complete neuropsychological evaluation no later than June 15, 2016....
3. Defendant shall notify Plaintiff's counsel in writing no later than May 15, 2016, of the name and address of the provider who shall perform the neuropsychological evaluation of Defendant.
*440 4. Any written report resulting from the neuropsychological evaluation shall be produced to Plaintiff's counsel no later than ten (10) days prior to August 4th, 2016....
On 29 July 2016, Defendant filed a motion for a continuance and protective order in which she alleged that she had complied with the trial court's prior orders to obtain a neuropsychological evaluation. Defendant's 29 July 2016 motion was mailed to Plaintiff's counsel five days prior to the scheduled 4 August 2016 final custody hearing. The motion did not contain the date the neuropsychological evaluation was performed or the name and address of the provider who had performed the evaluation.
The final custody hearing took place on 4 August 2016. At the outset of the hearing, Defendant's trial counsel disclosed for the first time that Duke Clinical Neuropsychology Service had performed a neuropsychological evaluation of Defendant on 21 April 2016. During the hearing, Defendant admitted: (1) she had not disclosed to Plaintiff's counsel the 21 April 2016 evaluation by Duke prior to the 4 August 2016 hearing; (2) she had notified Plaintiff's counsel that Pinehurst Neuropsychology, not Duke, would perform the evaluation; and (3) she had filed motions in June and July 2016 suggesting that a neuropsychological evaluation had not yet been performed.
At the conclusion of the hearing, the trial court transferred sole physical custody of the children to Plaintiff pursuant to a memorandum of order/judgment until a complete permanent custody order could be drafted and entered. The trial court entered a permanent child custody order on 9 December 2016 and an order for alimony and attorney's fees. On 9 and 13 December 2016, Defendant filed pro se motions for a new trial and relief from judgment pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure.
Following a series of subpoenas filed by Defendant following the trial court's final custody hearing on 4 August 2016, Plaintiff filed a motion for a temporary restraining order and preliminary injunction on 13 December 2016. Plaintiff's motion asserted, in part:
17. The subpoenas issued by Defendant seek the production of documents related to child custody issues. Child custody has been fully litigated and there are no hearings scheduled (or motions pending) that relate to child custody.
*441 18. Defendant is representing herself pro se and appears to be using the subpoena process through the clerk's office to (improperly) attempt to continue litigating a claim that has been fully and finally litigated.
The trial court granted Plaintiff a temporary restraining order on 13 December 2016. The trial court conducted a hearing on Plaintiff's preliminary injunction motion on 3 January 2017. At the hearing, the trial court ordered Defendant to calendar her pending Rule 59 and 60 motions within ten days for the next available court dates. Defendant calendared the hearing for the Rule 59 and *441 60 motions for 1 March 2017. On 25 January 2017, the trial court entered an order granting Plaintiff's preliminary injunction. The trial court's order decreed, in relevant part: "Defendant is hereby restrained and prohibited from requesting issuance of a subpoena in this action by the Wake County Clerk of Superior Court or by any court personnel other than the assigned family court judge."
On 20 February 2017, Defendant filed amended Rule 59 and Rule 60 motions. The trial court concluded Defendant was entitled to the entry of a new order containing additional findings of fact and conclusions of law. On 6 March 2017, the trial court entered an amended permanent child custody order ("the Amended Order"). The Amended Order, in part, granted Plaintiff sole legal custody and physical custody, denied Defendant visitation with the children, but allowed Plaintiff to "permit custodial time between the children and Defendant within his sole discretion" and allowed Defendant two telephone calls per week with the children.
Defendant appeals the trial court's Amended Order and several other "related interim or temporary orders and ancillary orders."
We note Defendant initially chose to prosecute her appeal pro se . This Court provided the opportunity for this case to be included in the North Carolina Appellate Pro Bono Program. Following this Court's inquiry, Defendant accepted representation by a pro bono attorney under this Program. Upon Defendant's acceptance of pro bono representation, this Court ordered the parties to file supplemental briefs by order dated 23 August 2018.
II. Jurisdiction
Jurisdiction lies in this Court over an appeal of a final judgment regarding child custody in a civil district court action pursuant to N.C. Gen. Stat. §§ 7A-27(b)(2) (2017) and 50-19.1 (2017).
*442 III. Standard of Review
In a child custody case, the standard of review is "whether there was competent evidence to support the trial court's findings of fact[.]" Barker v. Barker , 228 N.C. App. 362, 364, 745 S.E.2d 910, 912 (2013) (quoting Shear v. Stevens Bldg. Co. , 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) ). "[T]he trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings. 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Peters v. Pennington , 210 N.C. App. 1, 12-13, 707 S.E.2d 724, 733 (2011) (quoting State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) ) (citations omitted). "Whether [the trial court's] findings of fact support [its] conclusions of law is reviewable de novo ." Hall v. Hall , 188 N.C. App. 527, 530, 655 S.E.2d 901, 904 (2008) (alteration in original) (citation omitted).
"Absent an abuse of discretion, the trial court's decision in matters of child custody should not be upset on appeal." Everette v. Collins , 176 N.C. App. 168, 171, 625 S.E.2d 796, 798 (2006). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." Davis v. Kelly , 147 N.C. App. 102, 106, 554 S.E.2d 402, 405 (2001) (citation omitted).
IV. Issues
On appeal, Defendant contends: (1) the trial court abused its discretion by ordering Defendant to submit to a neuropsychological evaluation; (2) the trial court abused its discretion by delegating its authority to determine Defendant's visitation rights to Plaintiff; (3) the trial court infringed Defendant's constitutionally protected parental rights by awarding sole custody and visitation rights to Plaintiff; (4) the trial court violated N.C. Gen. Stat. § 50-13.2(e)(3) (2017) by only granting Defendant telephone visitation; (5) the trial court entered numerous findings not supported by competent evidence; (6) the trial court infringed Defendant's procedural due process rights; (7) the trial court abused its discretion in calculating the amount of alimony; (8) the trial court abused its discretion in denying her claim for attorney's fees; and (9) the trial court abused its discretion with respect to her originally filed Rule 59 motion and three contempt motions at a hearing on 1 March 2017.
*442 *443 V. Analysis
A. Neuropsychological Evaluation
Defendant argues the trial court exceeded its authority under Rule 35 of the North Carolina Rules of Civil Procedure by ordering her to submit to a neuropsychological evaluation by a non-physician. Rule 35 states that a court "may order [a] party to submit to a physical or mental examination by a physician" when that party's physical or mental condition is in controversy. N.C. Gen. Stat. § 1A-1, Rule 35 (2017). In Defendant's pro se briefs, she does not refer to a specific order she asserts was erroneously entered. In Defendant's supplemental pro bono brief, she specifically argues the trial court erred, or abused its discretion, by entering an order on 3 October 2014 requiring her to submit to an examination by a neuropsychologist.
The trial court's 3 October 2014 order required both parties to submit to psychological , not neuropsychological , evaluations by Dr. Kuzyszyn-Jones. Defendant did not include the 3 October 2014 order in her notice of appeal listing the various orders of the trial court she appealed from. "Proper notice of appeal is a jurisdiction requirement that may not be waived." Chee v. Estes , 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). "[T]he appellate court obtains jurisdiction only over the ruling specifically designated in the notice of appeal as the ones from which the appeal is being taken." Id. Defendant's arguments concerning the requirement of the 3 October 2014 order to obtain a psychological evaluation by Dr. Kuzyszyn-Jones are waived and dismissed. See id. ; N.C. R. App. P. 3(d).
B. Father's Discretion over Visitation
Defendant also argues the trial court violated the statute and abused its discretion by granting Plaintiff the sole authority to "permit custodial time between the children and Defendant" in the Amended Order. Under N.C. Gen. Stat. § 50-13.1(a), "custody" includes "custody or visitation or both." N.C. Gen. Stat. § 50-13.1(a) (2017).
The trial court's Amended Order concluded "It is not in the children's best interests to have visitation with Defendant." The Amended Order then provides:
2. Physical Custody. The minor children shall reside with Plaintiff. Plaintiff may permit custodial time between the children and Defendant within his sole discretion , taking into account the recommendations of [Hanna's]
*444 counselor as to frequency, location, duration, and any other restrictions deemed appropriate by the counselor for permitting visitation between [Hanna] and [Defendant] . (Emphasis supplied).
Defendant cites In re Stancil , 10 N.C. App. 545, 179 S.E.2d 844 (1971), in support of her argument. Stancil involved a custody dispute between a child's mother and the paternal grandmother. Id. at 546-47, 179 S.E.2d at 845-46. In the trial court's custody award to the grandmother, it granted the grandmother "the right to determine the times, places and conditions under which she could visit with [the child]." Id. at 550, 179 S.E.2d at 848. This Court stated:
When the question of visitation rights of a parent arises, the court should determine from the evidence presented whether the parent by some conduct has forfeited the right or whether the exercise of the right would be detrimental to the best interest and welfare of the child. If the court finds that the parent has by conduct forfeited the right or if the court finds that the exercise of the right would be detrimental to the best interest and welfare of the child, the court may, in its discretion, deny a parent the right of visitation with, or access to, his or her child; but the court may not delegate this authority to the custodian.
Id. at 552, 179 S.E.2d at 849 (emphasis supplied). Here, although the trial court had determined, without finding Defendant had forfeited her parental visitation rights, that it was "not in the children's best interests to have visitation with Defendant." The trial court contradicted its finding and conclusion, the above rule stated in Stancil, and delegated its judicial authority to Plaintiff to determine Defendant's visitation. As with the trial court in Stancil, the trial court delegated the determination of Defendant's visitation with her children to Plaintiff, at "his sole discretion." The trial court erred and abused its discretion by delegating the determination of *443 Defendant's visitation rights with her children to Plaintiff. Id . The trial court cannot delegate its judicial authority to award or deny Defendant's visitation rights to Plaintiff or a third-party. See id. ; Brewington v. Serrato , 77 N.C. App. 726, 733, 336 S.E.2d 444, 449 (1985) ("[T]he award of visitation rights is a judicial function, which the trial court may not delegate to a third-party" (internal quotation marks and citation omitted) ).
The decretal portion of the Amended Order is vacated and the matter remanded for the trial court to determine an appropriate custodial *445 and visitation schedule consistent with this Court's opinion in Stancil. See Stancil, 10 N.C. App. at 552, 179 S.E.2d at 849.
C. Electronic Visitation
Defendant also argues the trial court abused its discretion by allowing her only electronic "visitation," specifically, two telephone calls per week with the children. Defendant raises her electronic visitation arguments for the first time on appeal. Based upon our holding to vacate the custodial and visitation schedule from the Amended Order and remand for additional findings and conclusions, it is unnecessary to address the merits of Defendant's arguments concerning electronic visitation.
However, the trial court is instructed on remand that: "electronic communication with a minor child may be used to supplement visitation with the child. Electronic communication may not be used as a replacement or substitution for custody or visitation." N.C. Gen. Stat. § 50-13.2(e) (2017) (emphasis supplied).
"Electronic communication" is defined as "contact, other than face-to-face contact, facilitated by electronic means, such as by telephone, electronic mail, instant messaging, video teleconferencing, wired or wireless technologies by Internet, or other medium of communication." Id. If on remand, the trial court does not determine Defendant is unfit or engaged in conduct inconsistent with her parental rights, the trial court may only order electronic visitation as a supplement to Defendant's visitation rights and not as a replacement for Defendant's visitation rights. See id. ; In re T.R.T., 225 N.C. App. 567, 573-74, 737 S.E.2d 823, 828 (2013).
D. Constitutionally Protected Status as Parent
Defendant contends the trial court violated her constitutionally protected interest as parent by awarding sole legal and physical custody of the children to Plaintiff without making a finding that she was unfit or had acted inconsistently with her constitutionally protected status as parent. We agree.
The Amended Order purported to deny Defendant all custody and visitation with her children, effectively terminating her parental rights.
The Supreme Court of North Carolina held in Owenby v. Young , that:
[T]he Due Process Clause of the Fourteenth Amendment ensures that the government does not impermissibly infringe upon a natural parent's paramount right to custody solely to obtain a better result for the child. [ Adams v. Tessener , 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001)
*446 (citing Troxel v. Granville , 530 U.S. 57, 72-73, 120 S.Ct. 2054, 2063-64, 147 L.Ed.2d 49, 61 (2000) ) ]. Until, and unless, the movant establishes by clear and convincing evidence that a natural parent's behavior, viewed cumulatively, has been inconsistent with his or her protected status, the "best interest of the child" test is simply not implicated. In other words, the trial court may employ the "best interest of the child" test only when the movant first shows, by clear and convincing evidence, that the natural parent has forfeited his or her constitutionally protected status.
357 N.C. 142, 148, 579 S.E.2d 264, 268 (2003). Our Supreme Court also recognized in Price v. Howard , that:
A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child is a counterpart of the parental responsibilities the parent has assumed and is based on a presumption that he or she will act in the best interest of the child.
346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997) (citations omitted). Each parent's constitutional rights are equal and individually protected.
id="p444" href="#p444" data-label="444" data-citation-index="1" class="page-label">*444See id. ; Quilloin v. Walcott , 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511, 519 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.").
Before denying a parent all custodial and visitation rights with his or her children, the trial court: (1) must first make a written finding that the parent was unfit or had engaged in conduct inconsistent with his protected status as a parent, before applying the best interests of the child test; and (2) make these findings based upon clear, cogent, and convincing evidence. Moore v. Moore , 160 N.C. App. 569, 573-74, 587 S.E.2d 74 (2003) ; see Petersen v. Rogers , 337 N.C. 397, 403-404, 445 S.E.2d 901, 905 (1994) ("[A]bsent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail.").
Based upon the trial court's failure to find Defendant is either unfit or has acted inconsistently with her constitutionally protected status as a parent, we vacate the trial court's conclusions of law and custody portions of its order. If on remand, the trial court purports to deny Defendant all custody and visitation or contact with her children, the trial court must make the constitutionally required findings based upon *447 clear, cogent, and convincing evidence. Owenby , 357 N.C. at 148, 579 S.E.2d at 268 ; Moore , 160 N.C. App. at 573-74, 587 S.E.2d at 76.
The dissenting opinion claims this holding "diverges from established precedent" and "recognizes a new constitutional right" citing Respess v. Respess , 232 N.C. App. 611, 754 S.E.2d 691 (2014). However, the dissenting opinion either overlooks or disregards the precedents set by the Supreme Court of the United States, the Supreme Court of North Carolina, and this Court, including In re Civil Penalty , 324 N.C. 373, 379 S.E.2d 30 (1989).
E. In re Civil Penalty
The Supreme Court of North Carolina issued a decision in Lanier, Comr. of Insurance v. Vines , 274 N.C. 486, 164 S.E.2d 161 (1968). Subsequently, this Court interpreted the holding of Lanier in N.C. Private Protective Servs. Bd. v. Gray, Inc. , 87 N.C. App. 143, 360 S.E.2d 135 (1987). A later decision from this Court found Gray had "contradict[ed] the express language, rationale and result of Lanier ," and refused to follow that decision. In re Civil Penalty , 92 N.C. App. 1, 13-14, 373 S.E.2d 572, 579 (1988). Upon review, the Supreme Court concluded "that the effect of the majority's decision ... was to overrule Gray ," and rejected this Court's attempt to do so. In re Civil Penalty , 324 N.C. at 384, 379 S.E.2d at 37. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." Id.
This sequence of events in In re Civil Penalty is precisely what happened after this Court's unanimous decision in Moore . The Supreme Court issued a decision in Owenby , holding that "[u]ntil, and unless, the movant establishes by clear and convincing evidence that a natural parent's behavior, viewed cumulatively, has been inconsistent with his or her protected status, the 'best interest of the child' test is simply not implicated." Owenby , 357 N.C. at 148, 579 S.E.2d at 268. The Court's unanimous decision in Moore , applied that precise result, holding: "[o]nce conduct that is inconsistent with a parent's protected status is proven, the 'best interest of the child' test is applied." 160 N.C. App. at 573, 587 S.E.2d at 76. No further appellate review of Moore occurred.
As occurred In re Civil Penalty , "[s]everal pages of the [ Respess ] opinion were devoted to a detailed rejection of the [ Moore ] panel's interpretation of [ Owenby ]." In re Civil Penalty , 324 N.C. at 383-84, 379 S.E.2d at 36. The panel in Respess violated our Supreme Court's holding of In re Civil Penalty when it refused to follow the unanimous binding *448 ten-year precedent set forth in Moore . See In re Civil Penalty , 324 N.C. at 384, 379 S.E.2d at 37 ; Respess , 232 N.C. App. at 624-25, 754 S.E.2d at 700-01.
Further, numerous other precedential cases, also decided prior to Respess, have cited to Moore for the holding at issue, contrary *445 to the assertion in the dissenting opinion. See, e.g. , Woodring v. Woodring , 227 N.C. App. 638, 644, 745 S.E.2d 13, 19 (2013) ("In the absence of extraordinary circumstances, a parent should not be denied the right of visitation." (quoting Moore , 160 N.C. App. at 573, 587 S.E.2d at 76 ) ); Maxwell v. Maxwell , 212 N.C. App. 614, 622-23, 713 S.E.2d 489, 495 (2011) ("we reverse and remand this matter for further findings of fact as to Plaintiff's fitness as a parent or the best interest of the minor children" (citing Moore , 160 N.C. App. at 574, 587 S.E.2d at 77 ) ); Slawek v. Slawek , No. COA09-1682, 206 N.C.App. 596, 2010 WL 3220668, at *6 n.4 (N.C. Ct. App. Aug. 17, 2010) (unpublished) ("To declare a parent unfit for visitation, there must be 'clear, cogent, and convincing evidence.' " (quoting Moore , 160 N.C. App. at 573, 587 S.E.2d at 76 ) ); Mooney v. Mooney , No. COA08-998, 197 N.C.App. 231, 2009 WL 1383395, at *5 (N.C. Ct. App. May 19, 2009) (unpublished) ("A trial court may only deny visitation under the 'best interest' prong of N.C.G.S. § 50-13.5(i) '[o]nce conduct that is inconsistent with a parent's protected status is proven.' " (quoting Moore , 160 N.C. App. at 573, 587 S.E.2d at 76 ) ); In re E.T. , No. COA05-752, 176 N.C.App. 189, 2006 WL 389731, at *3 (N.C. Ct. App. Feb. 21, 2006) (unpublished) ("The trial judge, prior to denying a parent the right of reasonable visitation, shall make a written finding of fact that the parent being denied visitation rights is an unfit person to visit the child or that such visitation rights are not in the best interest of the child." (quoting Moore , 160 N.C. App. at 572, 587 S.E.2d at 76 ) ); In re M.C. , No. COA03-661, 166 N.C.App. 515, 2004 WL 2152188, at *4 (N.C. Ct. App. Sep. 21, 2004) (unpublished) ("The trial court is required to make a finding that a natural parent is unfit before denying custody to that parent." (citing Moore , 160 N.C. App. 569, 587 S.E.2d 74 ) ); David N. v. Jason N. , 164 N.C. App. 687, 690, 596 S.E.2d 266, 268 (2004) ("The trial court is required to make a finding that a natural parent is unfit before denying custody to that parent." (citing Moore , 160 N.C. App. 569, 587 S.E.2d 74 ) ), rev'd on other grounds, 359 N.C. 303, 608 S.E.2d 751 (2005).
In Peters v. Pennington , this Court cited Moore, as follows:
In Moore , this Court stated that the prohibition of all contact with a natural parent's child was analogous to a termination of parental rights. The Court reasoned that, in order to sustain a 'total prohibition of visitation or contact' based on the unfitness prong of N.C. Gen. Stat. § 50-13.5(i), the *449 trial court must find unfitness based on the clear, cogent, and convincing evidentiary standard that is applicable in termination of parental rights cases.
210 N.C. App. at 19, 707 S.E.2d at 737 (emphasis in original) (citing Moore , 160 N.C. App at 573-74, 587 S.E.2d at 76-77 ) ).
Our Supreme Court has not overturned any of this Court's published opinions listed above, including Moore , which protect the "constitutionally-protected paramount right" of each individual parent over the care, custody, and control of their children. See Petersen , 337 N.C. at 403-404, 445 S.E.2d at 905. The dissenting opinion does not address or distinguish any of these binding precedents upon this Court.
Were we to disregard each parent's individually protected constitutional right, the following scenario may arise: an unmarried couple conceives a child. The couple becomes estranged before the child is born, and the father never knows the mother was pregnant. Years later, after the child is born, the father learns of his child's existence and seeks to have a relationship with the child. The father files an action to seek custody or visitation with his child. Under Respess , the trial court could then deny the father any custody or visitation solely using the "best interests" test, without any findings of the father's unfitness or actions inconsistent with his parental status. The application of the "best interests" test under this scenario, without findings of unfitness or actions inconsistent, would be wholly incompatible with our precedents, which have recognized: "A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child[.]" Price , 346 N.C. at 79, 484 S.E.2d at 534 ; see Quilloin , 434 U.S. at 255, 98 S.Ct. at 554, 54 L.Ed.2d at 519 ("the relationship between parent and child is constitutionally *446 protected"); Owenby , 357 N.C. at 148, 579 S.E.2d at 268 ; Moore , 160 N.C. App. at 574, 587 S.E.2d at 77.
The dissenting opinion, and Respess , assert this Court's holding in Moore was in conflict with Owenby . Citing the precedents of the Supreme Court of the United States and the Supreme Court of North Carolina, this Court unanimously stated in Moore :
It is presumed that fit parents act in the best interest of their children. Troxel , 530 U.S. at 69, 120 S.Ct. at 2061, 147 L.Ed.2d at 59. A parent's right to a relationship with his child is constitutionally protected. See Quilloin v. Walcott , 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511, 519 (1978). Once conduct that is inconsistent with a parent's protected status is proven, the *450 "best interest of the child" test is applied. Price v. Howard , 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997).
Moore , 160 N.C. App. at 573, 587 S.E.2d at 76.
This Court's application of the rule regarding each parent's constitutionally protected individual relationship of custody or visitation with her child in this case and in Moore is fully consistent with binding precedents and with our Supreme Court's holding in Owenby. "[T]he trial court may employ the 'best interest of the child' test only when the movant first shows, by clear and convincing evidence, that the natural parent has forfeited his or her constitutionally protected status." Owenby , 357 N.C. at 148, 579 S.E.2d at 268.
This opinion fully quotes and is consistent with the holding in Owenby and does not "conspicuously omit[ ]" any binding language therein, contrary to the dissenting opinion's assertion. See id.
F. Trial Court's Findings of Fact
Defendant argues the Amended Order contains numerous findings of fact which are not supported by competent evidence, and the findings of fact do not support the trial court's conclusions of law.
"Our trial courts are vested with broad discretion in child custody matters." Shipman v. Shipman , 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citation omitted). Where substantial evidence in the record supports the trial court's findings of fact, those findings are conclusive on appeal, even if record evidence might sustain findings to the contrary. Id. at 475, 586 S.E.2d at 254 (citation omitted).
Here, the trial court made fifty-two findings of fact in its Amended Order. Defendant challenges over twenty of the findings of fact made by the trial court concerning Defendant's behavior, Defendant's misleading statements to Plaintiff's counsel and the trial court regarding her neuropsychological evaluation, Defendant's health, Defendant's relationship with Plaintiff, Defendant's relationship with the children, and the best interests of the children.
After careful review of the whole record, we conclude the trial court's findings of fact are based upon competent evidence in the record, including the testimony of the Plaintiff; the parties' former neighbors, Jennifer and Jared Ober; Dr. Kuzyszyn-Jones; Defendant's neurologist, Dr. Mark Skeen; and Defendant's own testimony from the September 2015 hearing and the 4 August 2016 hearing. Defendant's arguments are overruled.
*451 Defendant also argues the trial court's conclusions of law are not supported by the findings of fact. Based upon our holding to vacate the trial court's conclusions of law for the reasons stated above in sections B and D, it is unnecessary to address these arguments.
G. Denial of Procedural Due Process Rights
Defendant also argues the trial court infringed her constitutional rights to procedural due process by conducting a temporary custody review on 5 April 2016 to determine the status of Defendant's obligation to complete the neuropsychological evaluation. This custody review was conducted in the trial judge's chambers, and not in open court.
Both Plaintiff's counsel and Defendant's counsel were present for this temporary custody review. The trial court did not enter an order based upon this temporary custody review that altered the custody arrangement specified in the 21 December 2015 temporary custody and child support order.
*447 Following the 5 April 2016 custody review hearing, the trial court entered an order setting specific guidelines for when Defendant should complete the neuropsychological evaluation ordered by the trial court on 21 December 2015. As a result of the temporary custody review on 5 April 2016, the trial court only ordered that the permanent custody review hearing take place on 4 August 2016 and reiterated Defendant's obligation under the 5 December 2015 order to obtain a neuropsychological evaluation. Defendant's trial counsel offered no objection to the trial court holding the in-chambers custody review meeting. "A contention not raised in the trial court may not be raised for the first time on appeal." Creasman v. Creasman , 152 N.C. App. 119, 123, 566 S.E.2d 725, 728 (2002) (citations omitted).
Defendant also did not raise her procedural due process arguments in her amended Rule 59 and Rule 60 motions to set aside the trial court's permanent custody order. Id . ("We note that defendant did not raise this issue in his motion to set aside the judgment. The record does not reflect a ruling on this issue by the trial court"); N.C. R. App. P. 10(a)(1). These arguments are waived and dismissed.
H. Domestic Violence
Defendant also contends the trial court failed to consider evidence of domestic violence perpetrated by Plaintiff in making its custody determination in the Amended Order. N.C. Gen. Stat. § 50-13.2(a) (2017) provides, in relevant part:
An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such *452 person ... as will best promote the interest and welfare of the child. In making the determination, the court shall consider all relevant factors including acts of domestic violence between the parties, the safety of the child, and the safety of either party from domestic violence by the other party.
The Amended Order indicates it did consider Defendant's allegations of domestic violence by Plaintiff. Finding of fact 24 states:
There was significant conflict between the parties during their marriage, which culminated in physical altercations between the parties on more than one occasion. Defendant testified at length about these altercations during the September 2015 trial and described herself as a victim of domestic violence, but Plaintiff introduced a recording into evidence at the September 2015 trial in which Defendant can be heard laughing and attempting to goad Plaintiff into a physical altercation. There were two incidents in July of 2014 (shortly before the parties separated) during which Plaintiff attempted to retreat from Defendant during an argument by locking himself in another room but Defendant forced her way into the room. Furthermore, Defendant's medical records (as introduced into evidence by Defendant and/or made available to Plaintiff's counsel for cross-examination purposes at the September 2015 trial) are inconsistent with her testimony about the alleged altercations.
This finding of fact was supported by substantial competent evidence of Plaintiff's testimony and the audio recording referenced therein, which was admitted into evidence. Additionally, finding of fact 24 in the Amended Order is the same as finding of fact 22 in the initial permanent custody order. Defendant did not raise the issue of the trial court's purported failure to consider domestic violence in her amended Rule 59 and 60 motions. Defendant had a full opportunity to assert the trial court failed to consider domestic violence at the 1 March 2017 hearing on her Rule 59 and 60 motions, but failed to do so. See Creasman, 152 N.C. App. at 123, 566 S.E.2d at 728 ; N.C. R. App. P. 10(a)(1). Defendant may disagree with the weight and credibility the trial court gave the evidence, but the record clearly establishes the trial court considered the allegations of domestic violence in determining custody pursuant to N.C. Gen. Stat. § 50-13.2(a). Defendant's argument is overruled.
*453 I. Alimony and Attorney's Fees
Defendant next argues the trial court abused its discretion with regard to the Alimony and Attorney Fee Order entered by the trial court on 9 December 2016, the same day the trial court entered its initial permanent custody order. Defendant argues the *448 trial court erred by awarding her alimony for a duration calculated from the parties' date of separation and not from the parties' date of divorce. "Decisions concerning the amount and duration of alimony are entrusted to the trial court's discretion and will not be disturbed absent a showing that the trial court has abused such discretion." Robinson v. Robinson , 210 N.C. App. 319, 326, 707 S.E.2d 785, 791 (2011).
The trial court is required to consider the sixteen factors enumerated in N.C. Gen. Stat. § 50-16.3A(b) in deciding to award alimony. N.C. Gen. Stat. § 50-16.3A(c) ("[T]he court shall make a specific finding of fact on each of the factors in subsection (b) of this section if evidence is offered on that factor."). "[T]he award of ... attorney's fees in matters of child custody and support, as well as alimony ... is within the discretion of the trial court." McKinney v. McKinney , 228 N.C. App. 300, 307, 745 S.E.2d 356, 361 (2013).
Here, the trial court made several specific and unchallenged findings of fact with reference to attorney's fees and the required statutory factors for determining alimony. Defendant does not challenge any of these findings of fact or argue that these findings are not supported by competent evidence in the record. Defendant has failed to show the trial court abused its discretion in calculating the amount of alimony awarded or by denying Defendant's claim for attorney's fees. Defendant's arguments are overruled.
J. 1 March 2017 Hearing
Defendant attempts to argue the trial court erred with respect to actions taken by her own attorney at a hearing on 1 March 2017. This hearing was held on several motions filed by Defendant. After the trial court entered its original permanent child custody order and its order on alimony and attorney's fees on 9 December 2016, Defendant subsequently filed a pro se Rule 59 motion on 16 December and a pro se Rule 60 motion on 19 December.
Defendant obtained new counsel, who then filed amended Rule 59 and Rule 60 motions on 20 February 2017. These motions were heard by the trial court on 1 March 2017, in addition to three pro se contempt motions Defendant had previously filed.
*454 At the outset of the 1 March 2017 hearing, Defendant's counsel stated to the trial court that the contempt motions "are right now being written up in a voluntarily dismissal to be dismissed with prejudice as of today." The trial court then proceeded to hear Defendant's amended Rule 59 and Rule 60 motions. The trial court granted Defendant's Rule 59 motion and later entered the Amended Order on 6 March 2017.
Defendant appears to argue the trial court should have considered her original pro se Rule 59 motion instead of the amended motion filed by her attorney. Defendant asserts her contempt motions should not have been dismissed on 1 March 2017. These motions were voluntarily dismissed by Defendant's own counsel and not by the trial court. Defendant was present for the 1 March 2017 hearing and did not voice any disagreement to the trial court over her counsel's voluntary dismissal of the contempt motions. Defendant cites no authority to support these arguments. Defendant fails to establish any error on the trial court's part with respect to the Rule 59 motion and the voluntary dismissal of her contempt motions. These arguments are dismissed.
VI. Conclusion
The trial court erred and abused its discretion by delegating its authority to determine Defendant's visitation rights to Plaintiff and by effectively terminating Defendant's parental rights without first making a finding of unfitness or acts inconsistent with her constitutionally protected status by clear, cogent, and convincing evidence, and violated the statute by limiting her access to her children to telephone calls only. Owenby, 357 N.C. at 148, 579 S.E.2d at 268 ; Moore , 160 N.C. App. at 573-74, 587 S.E.2d at 76 ; N.C. Gen. Stat. § 50-13.2(e).
Defendant has failed to show the trial court abused its discretion in calculating the amount of alimony, or in denying her claim for attorney's fees. Defendant has failed to preserve her arguments concerning the trial court's ordering of a neuropsychological evaluation and the trial court's purported violations *449 of her procedural due process rights. Defendant's remaining arguments are overruled and dismissed for failures to object and preserve.
The Alimony Order and Attorney Fees Order are affirmed. The trial court's conclusions of law and decretal portions of its Amended Order are vacated and remanded for further proceedings as consistent with this opinion. It is so ordered .
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
Judge BERGER concurs with separate opinion.
Judge INMAN concurs in part, dissents in part, with separate opinion.